UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 22-31114-CLH |
| | Chapter 13 |
| CARYN D. WHITE, | |
|     Debtor. | |
| _____ | |
| CARYN D. WHITE, | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 23-03020-CLH |
| THE BUSH LAW FIRM, LLC, | |
|     Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On January 30, 2024, this matter came before the Court for hearing on the Motion to Dismiss (the "Motion") filed by The Bush Law Firm, LLC (the "Firm"). [Adv. Pro. Doc. No. 10, pp. 17-37].[1] The Court has considered the evidence previously presented and the arguments and representations of the parties. For the reasons set forth below, the Court treats the Motion as a motion for summary judgment, and the Motion is GRANTED.

**I.    Jurisdiction**

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by United States District Court for the Middle District of

---

[1] "Adv. Pro. Doc. No." refers to the docket number for a filing in the instant adversary proceeding, Adversary Proceeding Number 23-03020.

Alabama on April 25, 1985. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II. Background and Procedural History

Prior to the hearing on the Motion, Caryn D. White (the "Debtor") filed Plaintiff's Motion for Leave to File Amended Complaint for Monetary Relief for Damages, Other Relief, and Demand for a Jury Trial (the "Motion for Leave"). [Adv. Pro. Doc. No. 19]. On January 25, 2024, the Court held a hearing on the Motion for Leave, during which exhibits were admitted into evidence without objection and both the Debtor and Anthony B. Bush testified. On January 29, 2024, the Court entered a Memorandum Opinion and Order denying the Motion for Leave (the "Denial Order"). [Adv. Pro. Doc. No. 24]. The Court adopts and incorporates by reference the "Background and Procedural History" section from the Denial Order.[2]

## III. The Complaint

As set forth in the Denial Order, the Complaint originated in state court and was removed to this Court by the Debtor. In the Complaint, the Debtor seeks a judgment of $850.00, plus filing fees, against the Firm. [Adv. Pro. Doc. No. 10, at pp. 3-4]. The amount of $850.00 represents the difference between half of the $4,300.00 total amount awarded in the Sanctions Order ($2,150.00) and the amount designated as an award of attorneys' fees in the Sanctions Order ($1,300.00). *See Id*. at p. 3. The Debtor alleges in the Complaint that the Firm never reviewed the contingency fee arrangement with her and that there never was a signed agreement between them. *Id*. at p. 4. She further alleges that she requested a copy of the signed Contingency Fee Agreement and never received one. *Id*. Finally, she cites the Model Rules of Professional Conduct with respect to the scope of representation and contingency fee arrangements. *Id*.

---

[2] Capitalized terms not defined herein have the meanings set forth in the Denial Order.

Case 23-03020    Doc 32    Filed 02/15/24    Entered 02/15/24 13:14:23    Desc Main
Document      Page 2 of 6

On August 15, 2023, the Firm filed the Motion. *Id*. at pp. 17-37. In the Motion, the Firm refers to the Application and related order, the Contingency Fee Agreement, the Authorization, and the Acknowledgment. *Id.* at pp. 17-20. The Firm asserts that dismissal is appropriate on multiple grounds, including: a) expiration of the two-year statute of limitations under ALA. CODE § 6-5-574; b) lack of subject matter jurisdiction due to the expiration of the statute of limitations; c) failure to state a claim, as the Debtor signed the Contingency Fee Agreement and Authorization and did not object to the Application; and d) lack of standing, because the Debtor did not list the claims against the Firm in her schedules in her current Chapter 13 case. *Id.* at pp. 20-22.

On August 22, 2023, the Debtor filed a response to the Motion (the "Response"). *Id*. at pp. 47-84. With respect to the statute of limitations, the Debtor argues that the statute of limitations does not bar her complaint because it was filed within two years of July 26, 2021, when she emailed the Firm's office to ask for a copy of the Sanctions Order. Regarding the failure to state a claim, the Debtor argues that the Contingency Fee Agreement was signed after the Sanctions Order, so the Contingency Fee Agreement is not enforceable. The Debtor did not address standing.

### III. Legal Analysis and Conclusions of Law

*A. The Motion must be treated as a motion for summary judgment.*

Rule 12(d) of the Federal Rules of Civil Procedure applies in this adversary proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. If matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss must be treated as one for summary judgment, and parties must be given a reasonable opportunity to present all material that is pertinent to the motion. FED. R. CIV. P. 12(d). Exhibits were attached to the Motion, the Response, and the Motion for Leave. The parties testified and argued at length about those exhibits and other pertinent material at the hearing on the Motion for Leave. Moreover, at the hearing on the Motion, the Court permitted the parties to file supplemental materials as they

saw fit, and the Debtor and the Firm filed such materials on February 6, 2024, and February 12, 2024, respectively. [Adv. Pro. Doc. Nos. 27 and 30]. Accordingly, the Court treats the Motion as a motion for summary judgment. *See* FED. R. CIV. P. 12(d).

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; FED. R. BANKR. P. 7056. The movant bears the initial burden to show that no genuine dispute of material fact exists. *Hall v. Sawyer*, No. 21-11778, 2022 WL 152235, at *1 (11th Cir. Jan. 18, 2022). A dispute of fact is "'[g]enuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-movant.'" *Id.* (quoting *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) (per curiam)). To determine if a dispute of fact is "material," a court asks whether the dispute may "affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

When the nonmoving party bears the burden of proof at trial, a party moving for summary judgment may discharge its responsibility to show no genuine disputes of fact "by showing that the nonmoving party will be unable to prove its case at trial." *In re Lett*, No. 10-61451-BEM, 2021 WL 4256375, at *1 (Bankr. N.D. Ga. Sept. 8, 2021) (quoting *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004)).

*B. The undisputed facts establish that the Debtor's claims are barred by statute of limitations.*

All alleged claims and causes of action in the Complaint arise directly from the Sanctions Order and the attorney-client relationship between the Debtor and the Firm. As such, the Complaint asserts a "legal service liability action," as defined under the Alabama Legal Services Liability Act:

Case 23-03020    Doc 32    Filed 02/15/24    Entered 02/15/24 13:14:23    Desc Main
Document      Page 4 of 6

> Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.

ALA. CODE § 6-5-572. All causes of actions brought against legal service providers in Alabama are to be brought under the Alabama Legal Services Liability Act. ALA. CODE § 6-5-573; *Yarbrough v. Eversole*, 227 So.3d 1192, 1196 (Ala. 2017); *Ex parte Edwards*, 299 So.3d 238, 242 (Ala. 2020). The statute of limitations under the Alabama Legal Services Liability Act is set out in ALA. CODE § 6-5-574(a), which provides:

> All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date.

In this case, the Debtor complains of the failure to remit to her $3,000.00 in damages under the Sanctions Order. The Debtor argues that a dispute exists regarding the timing of her execution – and the Firm's digital retention – of the Contingency Fee Agreement. However, this alleged dispute is not material for purposes of the Motion. Without limitation, even in the absence of a signed contingency fee agreement, the Debtor's claims are barred by the statute of limitations set forth in ALA. CODE § 6-5-574. The Court served the Debtor a copy of the order approving the

Application on April 14, 2019.  The Debtor attended the hearing on the Sanctions Motion with Mr. Bush on April 30, 2019.  The Court served the Debtor a copy of the Sanctions Order on May 8, 2019.  It is undisputed that the Debtor signed the Authorization and Acknowledgement and received a disbursement of $2,150.00 on July 1, 2021.  It was on this date that any actionable "act or omission giving rise to the claim" would have occurred, and it was on this date that the Debtor "could reasonably have discovered" the alleged wrongdoing by the Firm.  On July 1, 2021, she would have discovered the alleged discrepancy between the Sanctions Order and the Authorization and Acknowledgement, regardless of any timing disputes related to the Contingency Fee Agreement.  Because the Debtor did not commence the State Court Lawsuit until over two years after July 1, 2021, her claims are barred by the statute of limitations.  *See* ALA. CODE § 6-5-574.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that no genuine issue of material fact exists that would relieve the Debtor from the statute of limitations set forth in ALA. CODE § 6-5-574. Accordingly, it is ORDERED that the Motion is GRANTED, and this adversary proceeding is DISMISSED.

Done this 15th day of February, 2024.

Christopher L. Hawkins
United States Bankruptcy Judge

c:  Plaintiff
    Anthony B. Bush, Attorney for Defendant
    T. Randolph Harrold, Attorney for Defendant
    Joseph E. Stott, Attorney for Defendant